THEODORE M. DAVIS, receiver, *vs.* GEORGE H. RANDALL.

Suffolk. March 9. — September 11, 1874. COLT & ENDICOTT, JJ., absent.

The provisions of the U. S. St. of 1864, *c.* 106, § 30, imposing penalties upon national banks for taking usury, supersede the state laws upon that subject.

It is no defence to a suit against the acceptor of a draft which has been discounted, and upon which money has been advanced by the plaintiff, that the draft was accepted for the accommodation of the drawer.

Even if it is within the authority of the president of a national bank to bind the bank by an agreement, with the acceptor of a draft which is discounted by the bank, not to enforce the draft against him, yet oral evidence of such an agreement is not competent, in defence of a suit by the bank against the acceptor.

CONTRACT against the acceptor of two bills of exchange. Trial in the Superior Court, before *Devens*, J., who reported the case for the consideration of this court in substance as follows : The plaintiff, to maintain the issues on his part, proved that the Ocean National Bank, of the city of New York, a national banking association, formed pursuant to the laws of the United States, and located in the city of New York, having failed to redeem its circulation notes, when payment thereof was legally demanded at the office of said association, he was on December 12, 1871, duly appointed by the comptroller of the currency of the treasury department of the United States, receiver of said Ocean National

Bank ; that he accepted said office, took possession of the assets of the bank, and that the drafts in suit had come into his possession as such receiver as part of the assets of said bank ; that William B. Fiske & Company, a firm doing business in New York city, made the bills and drafts in suit, payable to their own order, and indorsed the same to said Ocean National Bank, presenting the same for discount at New York city, accepted by the defendant; that said bank discounted one of the drafts for $684.11, on September 16, 1871, and the other for $843.07, on November 11, 1871, and passed the proceeds to the credit of said W. B. Fiske & Co., less the discount; that said drafts were severally unpaid. The drafts were put in evidence, and the plaintiff rested his case.

The defendant, to sustain the issues on his part, proved, under objection, the evidence being admitted to be considered if competent; that on or about August 1, 1871, said firm of W. B. Fiske & Co. obtained a loan of five thousand dollars of said Ocean National Bank, through C. S. Stevenson, its president, and secured the same by a mortgage to the bank of real estate to the amount of five thousand dollars, agreeing to pay twelve per cent. per annum, the rate required by said bank for said loan; that the amount of said loan was passed to the credit of said W. B. Fiske & Co., who were entitled to draw the same at sight; that on applying to the bank for the money on said loan, the bank, through its president, requested Fiske & Co. not to draw out said loan at once, but to present drafts or bills to said bank on sixty and ninety days, or other short periods, as they might need the money, up to said five thousand dollars, so that the same would look more bankable, and that said bank would discount the same at the rate of twelve per cent. per annum, and keep on discounting drafts as fast as the same matured ; that Fiske & Co., in order to oblige or accommodate the bank, through its president, in this respect, agreed to avail themselves of the loan in this way, but informed the president that such paper would have to be accommodation paper ; that they knew several parties, amongst others the defendant in this action, who might be willing to accept for their accommodation, but it must be understood and agreed by the bank that the parties so accepting drafts or bills were not to be looked to for payment, or to be held liable thereon in any way ; but the

bank must look to its mortgage security for the amounts received by said firm on said bills or drafts, so to be presented to said bank for discount, and that the acceptors must be informed of this arrangement to induce them to accept ; that the president replied all right, the bank will discount such paper for you ; that thereafter Fiske & Co. informed the defendant fully of the loan secured by mortgage, and of the understanding and agreement with said bank as above stated, and Fiske & Co. solicited the defendant to accept drafts to be drawn by said firm upon the defendant, informing him the bank had agreed not to look to him for payment in any way, and knew that his acceptances were to be wholly for accommodation ; that the defendant having no business relations with Fiske & Co., and being in no ways indebted to them, and having no effects of said firm in his possession or control, and solely for the accommodation of Fiske & Co., and to enable said firm to oblige the bank in the respect above stated, and to avail of said loan, and believing and relying on the fact that he was not to be called upon for payment as acceptor or otherwise, by said bank or any other person, did accept in all some four or five bills or drafts, at different times, including the two drafts in suit.

The manner of acceptance was as follows : Drafts or bills with the amounts for which same were drawn and on which the name of W. B. Fiske & Co. did not exist, were by Fiske & Co. presented to the defendant, and the word " accepted," with the defendant's name were written thereon, the same returned to Fiske & Co. and thereafter Fiske & Co. filled up said drafts, putting in dates, making them payable to their own order, signing, indorsing and delivering the same to said bank for discount, the president knowing the drafts had been accepted by the defendant for accommodation under said arrangement, and the bank never sending any drafts to the defendant for acceptance at any time, or having any correspondence with the defendant ; that all the drafts accepted by the defendant except those in suit, had been taken up or paid by Fiske & Co. at maturity, and that the defendant had never been called upon to pay the same, or had paid the same in any way, the defendant regarding and believing his acceptance would be the last he should hear of the same ; that the drafts or bills in suit were sent to him for collection after said bank had failed, or gone into the hands of the plaintiff as receiver, and that when

called upon for payment, he declined to pay the same on the ground that his acceptance was for the accommodation of Fiske & Co. ; that he had no funds of theirs, and that the Ocean Bank had agreed not to look to him for payment ; that the whole amount obtained by Fiske & Co. on bills discounted by said bank, including these in suit, was about five thousand dollars, the amount of the original loan, and that the receiver of the bank still holds the mortgage given by Fiske & Co. as part of the assets of said bank ; that the defendant had never received any consideration, payment, benefit or advantage, in any way for his acceptances, nor held any security indemnifying him for the same from any one.

That all drafts on which his name appeared as acceptor, including those in suit, were presented by Fiske & Co., and were discounted by said bank in the city of New York. The defendant further proved that at the times of the discount of the bills or drafts in suit, the rate of twelve per cent. per annum was demanded by said bank and agreed to be paid by said Fiske & Co. on the discount of same by said bank ; that seven per cent. was deducted at the time of their discount and thereafter and before the maturity of either, and on November 23, 1871, the bank sent to Fiske & Co. for the additional five per cent. which was paid by said firm, making twelve per cent. in the whole, paid on the loans or discounts on said bills or drafts.

That under the laws of the State of New York, seven per cent. per annum is the legal rate of interest, and that all bonds, bills, notes, assurances, conveyances, all other contracts or securities whatsoever, except bottomry and respondentia bonds and contracts, and all deposits of goods or other things whatsoever, wherefore or whereby these shall be reserved or taken or agreed to be reserved or taken, any greater sum or greater value for the loan or forbearance of any money, goods or things in action, than is above prescribed (seven per cent.) shall be void; and the statute being an act to prevent usury, passed May 15, 1837, relating thereto, was read in evidence to the jury and may be referred to.

The plaintiff not controverting the evidence on behalf of the defendant as to the circumstances under which the notes were indorsed and negotiated, and it appearing that no fact was in dispute between the parties, the presiding judge directed a *pro forma* verdict to be entered for the plaintiff for the amount of

the drafts, and reported the case for the consideration of this court, such verdict to stand or be amended to a verdict for the defendant as this court should determine.

*C. M. Reed*, for the plaintiff.

*G. H. Randall, pro se.*

MORTON, J. The defence that the drafts in suit are void under the laws of New York against usury, cannot be sustained. The act of Congress to provide a national currency supersedes the state laws upon this subject so far as applicable to national banks. U. S. St. 1864, *c.* 106, § 30. *Central National Bank of New York* v. *Pratt, ante,* 539.

The other defence relied upon is in substance that the defendant accepted the drafts in suit for the accommodation of W. B. Fiske & Co., and that before they were accepted the president of the bank orally agreed that the defendant should not be called upon to pay the drafts, but the bank would look to other securities which it held.

The fact that the defendant accepted the drafts for the accommodation of the drawers is immaterial. They were discounted by the bank and the money advanced upon them. This was a sufficient consideration for the acceptance, and the defendant is liable as acceptor, unless the alleged agreement not to enforce them against him is a defence. But, if it was within the authority of the president to bind the bank by such an agreement, (which need not be decided,) we are of opinion that oral evidence of such agreement is not competent. It violates the rule of law that oral evidence is not admissible to control or vary the terms of a written contract.

The acceptance of the defendant was an absolute promise to pay ; it is not competent for him to contradict the written contract by proof of an oral agreement that he accepted the drafts upon the condition that he should not be called upon to pay them according to their tenor. *Wright* v. *Morse,* 9 Gray, 337. *Allen* v. *Furbish,* 4 Gray, 504, and cases cited.

According to the terms of the report, there must be

*Judgment on the verdict for the plaintiff.*