570 WINTHROP BANK *v*. JACKSON.

WINTHROP SAVINGS BANK *vs.* THOMAS S. JACKSON.

Kennebec. Decided January 10, 1878.

*Set-off.*

The plaintiffs lent the defendant money and took his note therefor with a United States bond as collateral security. After the note was payable and before it was paid, the bond was stolen from the bank. *Held*, that the defendant could not legally file his claim for the value of the bond in an action against him upon the note, nor could he avail himself of the claim as a defense by way of recoupment.

ON REPORT.

ASSUMPSIT on a promissory note, given for one hundred dollars by the defendant to the plaintiffs, October 5, 1874, for money lent him, and payable three months after date, with interest. Payment of the note was duly demanded, but no payment was made on it, except the interest to July 8, 1875, as indorsed thereon.

The defendant seasonably filed the account or claim in set-off:

One United States 5-20 bond No. 241,895 of the par value of $100, and worth at the time $120. This bond was left as collateral security to the note and never accounted for by the bank or redelivered to the defendant.

On July 23, 1875, the bank was entered by robbers in the night time, and the safe in which their moneys, papers and securities were deposited and kept, was forced open and a large part of the securities and property of the bank was stolen and carried away, the bond pledged by the defendant, as before stated, being with and one of such securities. The bond was never recovered by the bank or the receiver.

The plaintiffs claimed that due care was exercised in the custody of the bond, but this was denied by the defendant.

The trustees of the bank filed a bill in equity in this court for Kennebec county, August 27, 1875, praying for the sequestration and equitable distribution of its assets. Upon due proceedings had a decree of sequestration was passed, September 27, 1875, Emery O. Bean appointed receiver, and commissioners were appointed.

The receiver took possession of the assets, October 2, 1875, and the commissioners made final report, April 24, 1876. Proceedings under the bill were not closed, but pending.

The defendant did not file or offer proof of his claim described in the account in set-off before the commissioners.

On March 6, 1876, the defendant offered to the receiver the amount then due on the note in suit with costs, at the same time demanding his note and the bond. The receiver offered to take the money and give up the note, but the defendant declined and refused to let him have the money without the delivery to him of both the note and bond.

It was agreed that the full court should render such judgment on the foregoing statement of facts as the law requires; that if the claim of the defendant could be legally filed, adjudicated upon, and allowed under the law applicable to accounts in set-off, the action should stand for trial; otherwise, judgment to be for the plaintiff for the amount due on the note.

*E. F. Pillsbury & E. O. Bean,* for the plaintiffs.

*J. H. Potter,* for the defendant.

DANFORTH, J. The only question arising in this case is whether the account filed in set-off can be legally allowed. The account is for the value of a United States bond left with the plaintiffs as collateral security for the note sued and which was stolen from the bank on the night of July 23, 1875.

By R. S., c. 82, § 58, the plaintiff is "entitled to every defense against such set-off, that he might have, by any form of pleading, to an action against him on the same demand." Whatever may be the contract, express or implied, on the part of the bank, growing out of the pledge of this bond, under the facts agreed there can be no liability on the part of the bank to return the bond until the note has been paid. Its lien must continue so long as the note remains in its possession unpaid. There is no pretense of payment and the tender made was a conditional one and therefore of no effect. As, therefore, the defendant could not under existing facts maintain an action for the bond, the demand filed founded upon the same claim cannot be allowed. *Houghton* v. *Houghton,* 37 Maine, 72. *Robinson* v. *Safford,* 57 *id.* 163.

Nor does the law of recoupment apply. To make that available it must appear that there is some stipulation in the contract sued which the plaintiffs have violated. "A defense by way of recoupment denies the validity of the plaintiff's cause of action to so large an amount as the plaintiffs allege he is entitled to." Waterman on Recoupment, §§ 465, 466. *Harrington* v. *Stratton,* 22 Pick. 510. This can only be when the liability of both parties arises out of the same transaction or from mutual and dependent covenants or agreements. Neither of these appears in this case. The depositing of the bond was perhaps a part of the transaction of giving the note, but it was not the same transaction. The note is a contract independent of the pledging of the bond, and is complete in itself. There is no stipulation in it for the plaintiffs to perform and none which they can violate. The consideration is an executed one, and there is no want or failure in that respect. The claim set up in defense in no degree denies the validity of the plaintiffs' cause of action, but admits the whole. And whatever may be the agreement on the part of the bank as to the safe keeping of the bond, it is independent and not a condition of the promise in the note. If there had been any agreement of sale in default of payment of the note and an attempted sale, as in *Potter* v. *Tyler,* 2 Met. 58, and in *Howard* v. *Ames,* 3 Met. 308, a different question would have been presented. In these cases it was properly held that such facts might be proved as tending to show a payment. In this case no such facts appear.

Besides in recoupment, as well as in set-off, the defendant can only be allowed for what he could maintain an action for. It, as well as set-off, is allowed for the purpose of preventing circuity of action, and in all cases where it is applicable the defendant has his election to pursue his remedy by recoupment or cross-action.

We have thus considered the legal rights of the parties on the ground that the bank may have been guilty of negligence in the custody of the bond, and perhaps the parties intended so to present the case. But there is no proof of negligence nor any offer of any. The statement of facts shows that the bond was lost by larceny by persons not connected with the bank, and the plaintiffs claimed "that due care was exercised in the custody of said bond, but this is denied by the defendant."

In such case, it is a sufficient justification, *prima facie*, for the plaintiffs to show the loss by robbery, and the burden of proof to show negligence, is on the defendant. *Mills* v. *Gilbreth*, 47 Maine, 320. Hence upon the facts reported independent of the non-payment of the note, the defendant would have no claim upon the plaintiffs for the bond.

> *In accordance with the agreement of the parties, judgment is to be rendered for the plaintiffs for the amount of the note declared upon.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.