THE FIRST NATIONAL BANK OF WHITEHALL, APPELLANT, *v.* HENRY G. TISDALE, RESPONDENT, AND THE WHITEHALL TRANSPORTATION COMPANY.

*Accommodation maker — the president of a bank cannot bind it by a promise not to enforce payment of the note against him — A written instrument cannot be contradicted by parol evidence.*

In an action upon a promissory note made by the defendant for the accommodation of the payee, and discounted by the plaintiff, the defendant offered to prove that, when the note was made, the president of the plaintiff agreed that he should not be called on to pay it.

*Held,* that the evidence was inadmissible (1) because the president had no authority to make such a promise; and (2), because it contradicted the written instrument.

APPEAL from a judgment in favor of the defendant Tisdale, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought against Henry G. Tisdale and the Whitehall Transportation Company to recover the sum of $7,500, and interest thereon, on a note made by the defendant Tisdale, payable to the order of said transportation company, and indorsed by and discounted for said company by the First National Bank of Whitehall, the plaintiff. The transportation company did not defend. The defendant Tisdale answered separately. The defendant was permitted, under objection, to introduce evidence contradicting the note, and tending to show that the defendant Tisdale made the note in suit, to enable the plaintiff to carry a larger debt of the transportation company than was allowed by law, that he was only an accommodation maker, and that at the time it was made the president of plaintiff agreed orally with him that he should not be called upon to pay the note. The testimony of the witnesses upon the trial tended to show that originally the defendant Tisdale made his note for $5,000, and loaned it to the transportation company, of which he was vice-president, and also accepted a draft drawn by said company on him for $2,500, both of which were discounted by the plaintiff and the proceeds paid in cash to said company, that the note and draft so discounted were

protested at maturity for non-payment, and that the note in suit was given in renewal and to take the place of said note and draft, which were delivered to defendant Tisdale at the time the note in suit was delivered to the plaintiff.

*James Spencer*, for the appellant.

*D. F. Davis*, for the respondent.

LEARNED, P. J.:

The meaning of the words "accommodation paper" is well known. Where such paper is made and lent, the maker can defend against the borrower, on the ground of want of consideration. But, in the present case, the note was for the accommodation of the Whitehall Transportation Company. It was discounted by the bank and the avails were placed to the credit of the transportation company. These avails were practically applied to the payment of a note and draft, which together were (exclusive of interest) of the same amount with the note in question. This former note had been made and the draft accepted by defendant Tisdale, and the note indorsed and the draft drawn by said company, and both discounted for them by the plaintiffs. The bank, therefore, was not the accommodation borrower. The bank had parted with value for this note, by placing the avails to the credit of the company, and the charging up the old note and draft and surrendering them.

As to the evidence that the president of the bank agreed with the defendant that he should not pay the note in suit or the former paper there are two objections : First. It is not within the authority of the president of a bank, when he discounts paper for the bank, to promise the maker that he need not pay it. (*Bank United States* v. *Dunn*, 6 Peters, 51; approved in *Bank Metropolis* v. *Jones*, 8 id., 12.) Second. The evidence contradicted a written instrument. This is very different from the defence, above mentioned, of a maker of accommodation paper when sued by the borrower. That defence is want of consideration. This defence is an attempt to prove that the defendant did not promise what the paper, signed by him, says that he did. *Davis* v. *Randall* (115 Mass.,

547) is a case very analogous. And the general doctrine is elementary.

The judgment should be reversed, and a new trial granted, costs to abide event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and order reversed, new trial granted, costs to abide event.