FIRST NATIONAL BANK OF PETERBOROUGH *vs.* HENRY CHILDS & others.

Franklin.   Sept. 21, 1880. — April 4, 1881.   COLT, MORTON & FIELD, JJ., absent.

The forfeiture provided by the U. S. Rev. Sts. § 5198, where a national bank has received a greater rate of interest on a promissory note than is allowed by the laws of the State where the note was made, in violation of § 5197, may be availed of in defence of an action in a State court by the bank upon the note, although the suit is brought in a State other than that of the discount of the note; and such defence is not limited to two years after the unlawful receiving of interest.

CONTRACT on a promissory note for $600. The case was submitted to the Superior Court, and, after judgment for the plaintiff for the full amount of the note and interest, to this court, on appeal, on the following agreed facts:

The plaintiff is a corporation, duly and legally established under the laws of the United States relating to national banks, and is located in the State of New Hampshire. The defendants made and executed the note declared on in that State. The note is a renewal of former notes that have been renewed from time to time, for one and the same original loan.

The defendants from time to time have paid, and the plaintiff has knowingly charged and received on the note, and on the renewal notes, back to the time of the original loan, discount and interest at a greater rate than at the rate of six dollars on a hundred dollars for one year, for the time said interest and discount were so paid and received. A part of said payments for interest were more than two years previous to the filing of the defendant's answer. The statutes of the United States and of New Hampshire may be referred to.

If the foregoing facts constituted no defence in whole or in part to said action, judgment was to be for the plaintiff for the full amount of the note. If the amount paid for interest and discount, within the two years, or during all the time the loan was continued, should be credited to the defendant in reduction of the plaintiff's demand, an assessor was to be appointed, who should determine, under the instruction of the court, the amount to be deducted, and the amount for which judgment should be entered.

*A. De Wolf,* for the plaintiff.

*C. C. Conant,* for the defendants.

SOULE, J. The plaintiff corporation is a creature of the statutes of the United States, and its powers, rights and liabilities are governed by those statutes. Among the provisions therein contained are the following:

"Any association may take, receive, reserve and charge on any loan or discount made, or upon any note, bill of exchange or other evidences of debt, interest at the rate allowed by the laws of the State, Territory or District where the bank is located, and no more." U. S. Rev. Sts. § 5197.

" The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon."     § 5198.

The rate of interest allowed by the laws of the State of New Hampshire, where the note sued on was made, was six per cent.     Gen. Laws of N. H. of 1878, *c.* 232, §§ 2, 3.     Interest at a higher rate has been received by the plaintiff on this note, and on notes in renewal of which it was given.

The question before us is whether any deduction should be made from the amount apparently due on the note, according to its terms, on account of this receipt of interest in excess of six per cent.     It was held in the Superior Court that no such deduction should be made, and that the plaintiff was entitled to judgment for the amount of the principal of the note and interest.     This was error.

The taking of interest at a rate in excess of six per cent was in violation of a law of the United States which is in force in this Commonwealth as well as in New Hampshire, so far as relates to contracts made by national banks existing in New Hampshire.     The rate of interest which a national bank in any State may take is determined and fixed by the statute of the United States, although it is measured in such State by reference to the local law concerning interest, if there be one.     And when a bank takes interest in excess of the legal rate, it violates the law of the United States, and not the law of the State; and the consequences are those provided by the law of the United States, and not those provided by the State law.     *Davis* v. *Randall*, 115 Mass. 547.     *Central National Bank* v. *Pratt*, 115 Mass. 539.     *Farmers' & Mechanics' National Bank* v. *Dearing*, 91 U. S. 29.

As the law regulating the rate of interest which the plaintiff might lawfully take is a national law, as binding in this Commonwealth as to all matters affected by it as our own laws are, the case differs from those in which it has been held that a penalty, as a partial defence, authorized by the laws of another State, cannot be applied or made effective in this State.     See *Akers* v. *Demond*, 103 Mass. 318; *Gale* v. *Eastman*, 7 Met. 14.

The taking of excessive or usurious interest made the note inoperative as to all the interest which it carries by its terms, by virtue of a law in force throughout the United States. The forfeiture of interest may be availed of in an action on the note, by way of defence. *Farmers' & Mechanics' National Bank* v. *Dearing*, 91 U. S. 29. In the case cited, the suit was in the State where the usurious interest was taken. But there is no reason for holding that, when the suit is in another State, the same defence is not open. That would be saying that the national law shall be inoperative in defence of an action brought outside the State where it was violated by the plaintiff. It would be saying that the national law against usury shall be operative in defence within the State where it was exacted, and inoperative in the rest of the Union; that a usurious contract by a national bank is void *pro tanto* in the State where it was made, and good without abatement elsewhere. This cannot be.

There is nothing in *Barnet* v. *National Bank*, 98 U. S. 555, which is inconsistent with the doctrine in *Farmers' & Mechanics' Bank* v. *Dearing, ubi supra*. In the earlier of the two cases, it was decided that, where a national bank in the State of New York had taken usurious interest on a note, it was entitled to recover in a suit on the note the amount of the principal of the note less the amount of the interest unlawfully reserved. In the later case, it was decided that, in an action on a bill of exchange, the assignees in bankruptcy of the acceptor, who became defendants, could not set off, as a counter claim, twice the amount of usurious interest which had been paid by the acceptor on other bills and on notes which had been paid up by him. The statute, in § 5198, provides for the forfeiture of all the interest which the note carries with it, where the bank has taken or reserved or charged a higher rate than the law allows. The maker of the note can avail himself of this provision in defence of an action on the note, and in no other way. *Farmers' & Mechanics' Bank* v. *Dearing, ubi supra*. The same section provides, further, that if the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the bank taking or receiving the same. This remedy is applicable when the note

has been paid, and, ordinarily at least, not till then, and can be availed of only in the form prescribed by the statute, that is to say, by action against the bank.

The forfeiture of the interest can be availed of in an action in the State court, as well as in the United States court. It would be a strange condition of the law which permitted a national bank, the creature of the national law, to avoid in a State court a defence to its action on a contract which is expressly provided for by the statute under which the bank exists. This point is settled in the case already cited of *Farmers' & Mechanics' Bank* v. *Dearing*, which was a writ of error to a court of the State of New York, and in which the Supreme Court of the United States held that the bank was entitled to judgment only for the principal less the unlawful interest taken, and ordered proceedings in the State court accordingly.

We are of opinion, further, that, as the reserving or taking of unlawful interest avoids the note so far as interest is concerned, the defence is open to the defendant in any action brought to recover the amount of the note, though it be more than two years after the unlawful taking of interest. The statute does not fix a limit of two years within which such defence must be availed of. It limits the time within which an action may be maintained to recover twice the amount of unlawful interest paid to two years. But, as we have seen, that is an entirely different matter from the defence of usury in an action on the note.

According to the terms of the case stated, the case must be sent to an assessor to determine the amount to be deducted from the note sued on, and the amount, if anything, for which judgment shall be entered.          *Judgment accordingly.*