HUGGINS v. SMITH.

Opinion delivered December 1, 1919.

1. SALES—PARTNERSHIP INTEREST—GUARANTEE OF INVOICE.—A. purchased a partner's interest in a drug store, and gave his note therefor. In an action on the note, A. defended on the ground that plaintiff had guaranteed that the stock and fixtures would

invoice at a greater sum than in fact they had invoiced at; *held,* upon the issue of whether plaintiff guaranteed the invoice, testimony of the invoice of the stock at the time A. purchased the interest of another partner is admissible.

2.   APPEAL AND ERROR—VERDICT ON APPEAL.—The verdict of a jury will not be disturbed on appeal if supported by any substantial legal evidence.

3.   SALES—PARTNERSHIP INTEREST—GUARANTEE OF INVOICE.—Under the facts set out in syllabus No. 1, *supra,* the evidence held sufficient to sustain a verdict for the defendant.

4.   SAME—SAME—SAME—COUNTERCLAIM—LIMITATIONS.—In an action on a note given for the purchase of a partner's interest in a drug store, where the defendant filed a counterclaim upon the seller's guarantee that the stock and fixtures would invoice at a certain sum, damages under the counterclaim *held* to accrue upon a discovery of a shortage in the invoice value.

5.   LIMITATION OF ACTIONS — COUNTERCLAIM — GOOD FOR DEFENSE, WHEN.—A counterclaim may be good for the purposes of defense to an action brought, although itself barred by limitations.

Appeal from Perry Circuit Court; *G. W. Hendricks,* Judge; reversed.

*Calvin Sellers,* for appellant.

1.   The verdict is not sustained by the evidence and the court erred in its instruction No. 1 as to what interest the note drew and the jury's finding that it drew interest from maturity was not justified by the evidence in the case.

2.   The judgment on the counterclaim is not supported by the evidence. The burden of proving it was on defendant and he failed in his proof.

3.   It was error to permit attorneys to ask and appellee to answer if the plaintiff, Higgins, stated anything to him in regard to the value of the stock at the time he bought Hinton out. This testimony was incompetent, for appellee did not contend in his counterclaim that he was damaged by any statement made by Higgins as to the value of the stock at the time he purchased Hunter's interest.

4.   It was error to give instruction No. 2 which permitted the jury to find for defendant an amount in ex-

cess of note with whatever interest they might find to be due.

5. The counterclaim was barred. 98 Ark. 125, 128. After the passage of the act of 1917 as to counterclaims, this court held that it must arise out of the contract or transaction set out in the complaint. 135 Ark. 534. Our position is sustained by that decision and 134 *Id.* 311. The verdict is not sustained by the evidence and the cause should be reversed or the judgment reduced to an amount equal to whatever the court finds still due the appellant, with all costs.

*J. H. Bowen* and *John L. Hill,* for appellee.

1. The evidence amply supports the verdict and there is no error in the court's instructions. 89 S. W. 551; 102 Ark. 200; 74 *Id.* 16; Am. Enc. of Law (1 Ed.) 211.

2. The counterclaim was not barred by limitation. 22 Am. & E. Enc. Law (1 Ed.), p. 381; 71 N. C. 513; 22 Ark. 376-378.

HUMPHREYS, J. Appellant instituted suit against appellees on the 14th day of August, 1917, in the Perry Circuit Court to recover $300 and interest at the rate of ten per cent. per annum from November 15, 1914, on a promissory note executed on the latter date by appellee for a balance due on the purchase price of appellant's one-half interest in a drug store owned by appellant and appellee C. C. Smith, as partners, at the time of the sale and purchase of said interest.

Appellees answered, admitting the execution of the note, but denying liability on the ground that appellant had guaranteed the stock and fixtures would invoice $3,000, whereas they only invoiced $2,200, making a difference of $800, which amount was pleaded as a counterclaim against appellant.

Appellant filed a reply, denying any guaranty as to the invoice value of the stock, and pleading the statute of limitations against recovery on the counterclaim.

The cause was submitted to a jury upon the pleadings, instructions of the court and evidence. The jury

returned a verdict against appellees on the note for $300 and interest at the rate of ten per cent. per annum from maturity and against appellant for $700 on the counter-claim. A difference was struck and judgment rendered against appellant in favor of appellee, C. C. Smith, for $306, from which judgment an appeal has been duly prosecuted to this court.

Appellant and J. J. Hunter owned as equal partners a drug store in the town of Casa. On the first day of May, 1914, appellee, C. C. Smith, purchased Hunter's interest for $1,100. Over the objection of appellant, said appellee was permitted to testify that appellant induced him to buy Hunter's interest by showing him an entry of date January 6, 1916, in the books of the former partnership, to the effect that the stock invoiced $3,615.10, and stating that after the invoice more goods had been put in than sold out of the stock. The business was continued by the new firm with appellant as the principal manager, and appellee, C. C. Smith, as helper on Saturdays and rainy days, and occasionally when his farm duties would permit, until November 15, of the same year, at which time appellant sold appellee his one-half interest in the assets of the partnership for $300, cash, and a note signed by appellees for $300, due January 1, 1916, with interest at the rate of ten per cent. per annum, with the understanding that appellee, C. C. Smith, should pay the indebtedness of the firm. Appellee, C. C. Smith, testified that the note bore interest from maturity and that appellant guaranteed the stock had not been reduced more than $500 below the invoice of $3,615.10, entered in the former partnership book of date January 6, 1914. Appellant testified that the note bore interest from date and that he made no representation or guaranty as to the invoice value of the stock. Soon after the execution of the note, it was lost, found, and given to appellee C. C. Smith, who carried it in his pocket until nearly worn out, and then destroyed it. Appellant demanded the note from appellee, C. C. Smith, who refused to give it to him. On December 27, 1915, appellant sent said appellee a

statement, demanding payment of the note and thirteen months' interest, to which said appellee replied that he did not owe the note. He made no specific denial of the correctness of the interest demanded. Ralph McBride testified that a short time after the sale appellant, in the presence of himself and others, said either that he had guaranteed, or would guarantee, it to invoice about $3,000; that when Smith was asked what the stock would invoice his reply was, "Search me." The stock invoiced $2,200.

(1) It is insisted that the court erred in permitting appellee to testify that appellant represented the invoice value of the stock at $3,615.10 to him when he purchased Hunter's interest. The contention is made that the statement was incompetent because not pleaded as matter of damages in the counterclaim. We think it competent as a circumstance tending to corroborate the testimony of appellee to the effect that appellant guaranteed the stock had not been diminished more than $500 below the invoice of $3,615.10. The cross-bill clearly tendered the issue of whether such a guarantee was made by appellant, and we think the evidence tended to establish the issue.

(2-3) It is next insisted that the verdict sustaining the counterclaim to the extent of $700 is not supported by the evidence. Appellee testified that appellant induced him to make the purchase upon the guaranty that the stock would invoice about $3,100. His testimony was corroborated in a measure by that of Ralph McBride. The weight and effect of the evidence is a question within the exclusive province of the jury. On appeal the verdict of a jury will be sustained if there is any substantial legal evidence to support it. The evidence just detailed, in our opinion, is sufficient to sustain the verdict.

(4-5) Lastly, it is contended that the counterclaim was barred by the statute of limitations, and that it was error to render judgment over against appellant for $306. The damages resulting from the guaranty accrued immediately upon the discovery of the shortage in the invoice value, which was ascertained shortly after the sale, on

the 15th day of November, 1914, and a claim for it was not asserted until December 14, 1917, at the time appellees filed their cross-bill. More than three years had elapsed from the accrual of the cause of action before suit was instituted thereon, so the counterclaim, by way of cross-bill, in so far as it sought a judgment over against appellant, must be treated as an independent suit. The cause of action for a judgment over was therefore barred when the cross-bill was filed. This suit was instituted, however, on the 31st day of August, 1917, about two and a half months before the statutory bar attached. The counterclaim was good for defensive purposes even if the statutory bar had attached when the cross-bill was filed. It was said in the case of *State* v. *Arkansas Brick & Mfg. Co.,* 98 Ark. 125, that "A breach by the plaintiff, though barred as an independent cause of action, continues to exist for defensive purposes available to the defendant, so long as the plaintiff may sue upon any breach by defendant." At the time the decision was rendered from which the above quotation is taken, the law restricted the matter in a counterclaim to that which arose out of the contract or transaction sued upon, and that accounts for the use of the word "breach" in the quotation. Since the passage of act No. 267, Acts of the Legislature of 1917, amending section 6099 of Kirby's Digest, that restriction is eliminated and counterclaims may consist of any matter arising either out of contract or tort, whether it arose out of the contract or transaction sued upon or not. *Coats* v. *Milner,* 134 Ark. 311; *Smith* v. *Glover,* 135 Ark. 531. So a counterclaim arising out of tort, even if barred by the statute of limitations, may be used by way of recoupment against a suit for the recovery of money. It was error, therefore, for the court to render judgment over against appellant for any sum, as the counterclaim was barred when the cross-bill was filed, and also error not to grant the demand made by appellant to reduce the amount of the counterclaim recovered against appellant to the amount recovered by appellee, C. C. Smith, against him. The counterclaim was avail-

able for recoupment only. For that purpose, it existed as long as appellant's cause of action existed.

For the error indicated, the decree is reversed, and decree is directed here reducing the amount of the counterclaim to the amount of recovery by appellant against appellees, with direction that the costs be adjudged against appellees.