MISSOURI & NORTH ARKANSAS RAILWAY COMPANY v. BRIDWELL.

Opinion delivered October 15, 1928.

38

*Shouse & Rowland* and *Woody Murray*, for appellant.
*George W. Reed*, for appellee.

MEHAFFY, J. On December 14, 1925, appellant brought suit against the appellee, alleging that appellee was indebted to it in the sum of $157.47, growing out of a spur-track contract.

Appellee filed answer and counterclaim in the sum of $90. He admitted that appellant's claim was correct, but that he was entitled to a set-off of $90, which he alleged appellant owed him. Appellee's cause of action arose November 6, 1922, and appellant's complaint was filed December 14, 1925, more than three years after appellee's cause of action arose. Appellant filed a reply in which it claimed that, more than three years having elapsed, appellee's counterclaim was barred by the statute of limitations.

The parties entered into an agreement, waiving a jury, and agreeing to try the case before the court sitting as a jury, on the following agreed statement of facts:

"The facts set forth in plaintiff's complaint, in defendant's answer and cross-complaint, and in plain-

tiff's answer to defendant's cross-complaint, are true. The shipment of the goods complained of in cross-complaint of defendant was received by defendant and said loss discovered November 6, 1922; that plaintiff's cause herein was filed December 14, 1925, and that defendant's answer and cross-complaint was filed on the first day of March, 1926. That this question may be submitted on the pleadings aforesaid as evidence and this statement of facts alone, the only issue being the question of law as to whether the claim of defendant for $90 credit is barred by the statute of limitations, as pleaded by defendant."

The court below held that appellee's claim was not barred as a set-off, and gave judgment for the appellant for the amount sued for, less the $90 claimed by appellee. The judgment was for $67.47 and cost.

Appellant filed a motion for a new trial, which was overruled, exceptions saved, and appeal was prosecuted to this court. The only question in the case is whether the $90 claim of appellee was barred by the statute of limitations so that it could not be pleaded as a set-off and thereby reduce appellant's claim.

The authorities are not in harmony, some holding that, if action on the counterclaim is barred when it is filed, so that an independent action could not be maintained on it, it is not available as a set-off; others holding that, if it is not barred at the time suit was brought by the plaintiff, it may be used as a set-off, although barred at the time it was filed. This court, however, has held:

"So a counterclaim arising out of tort, even if barred by the statute of limitations, may be used by way of recoupment against a suit for the recovery of money. It was error therefore for the court to render judgment over against appellant for any sum, as the counterclaim was barred when the cross-bill was filed, and also error not to grant the demand made by appellant to reduce the amount of the counterclaim recovered against appellant to the amount recovered by appellee,

C. C. Smith, against him. The counterclaim was available for recoupment only. For that purpose it existed as long as appellant's cause of action existed." *Huggins v. Smith,* 141 Ark. 87, 216 S. W. 1.

"The defense of reduction or recoupment which arises out of the same transaction as the note or claim survives as long as the cause of action upon the note or claim exists, although an affirmative action upon the subject of it may be barred by the statute of limitations. But a counterclaim, even where by statute it may consist of any matter arising out of contract or tort, whether it arises out of the contract or transaction sued upon or not, if barred by the statute of limitations, is available only for recoupment, although for that purpose it may be used as long as plaintiff's cause of action exists." 37 C. J. 804-5.

The statute of limitations is intended to bar actions themselves, and not matters of defense to such actions. And where the counterclaim or set-off pleaded as a defense grows out of the transaction which is the basis of plaintiff's claim, it will not be barred as long as appellant's cause of action exists. Under our statute, a counterclaim may be any cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them, whether it grows out of the same transaction or not, and a set-off may be either a cause of action arising out of contract or tort. And where a counterclaim or set-off is pleaded, it is wholly immaterial whether it was founded on contract or whether it grew out of the same transaction.

In the case of *Huggins* v. *Smith, supra,* the question was not involved and not discussed as to whether there was any distinction as to claims growing out of or connected with the transaction which was the basis of plaintiff's complaint, or for an independent claim in no way connected with plaintiff's cause of action.

If a counterclaim or set-off is interposed as a defense merely, and no affirmative relief is asked, and when it grows out of the transaction which is the basis of plain-

tiff's cause of action, there is no reason why this defense might not be available as long as plaintiff's cause of action exists.

The statute of limitations provides that actions founded on any contract or liability, expressed or implied, not in writing, shall be commenced within three years after the cause of action accrued, and not thereafter. But that means the commencement of an action for an affirmative relief, and the commencement of an action requires the filing of a complaint and the issuing of a summons. But the defendant, in using a counterclaim merely as a defense, is not prosecuting any cause of action and not asking judgment on the claim, but he is simply asking permission to keep what he has, and that the plaintiff be not permitted to recover on his claim, except whatever amount there may be in excess of what he owes the defendant. Where, however, a counterclaim or set-off has no connection with plaintiff's cause of action, but is an independent claim against the plaintiff, it will be barred as a defense and not available to defendant if the right of action on such counterclaim was already barred before plaintiff's cause of action accrued. If action on the counterclaim is barred and plaintiff's cause of action accrues thereafter, the counterclaim cannot be used as a defense. But, if the counterclaim is not barred when plaintiff's cause of action accrues, then it is not barred as a defense to plaintiff's cause of action. The authorities are not in harmony, and it would serve no purpose to cite them here. We have reached the conclusion that the rule above announced is the best rule, and it has already been settled by the decision of this court.

The judgment of the circuit court is correct, and it is therefore affirmed.