BROWN *v.* MISSOURI PACIFIC TRANSPORTATION COMPANY.

4-3543

Opinion delivered October 15, 1934.

*Gerland Patten* and *Sam E. Montgomery,* for appellant.

*S. Hubert Mayes,* for appellee.

JOHNSON, C. J. Appellant and appellee, respectively, own and operate motor trucks and busses for hire in this State. About 7:30 P. M., January 25, 1930, while appellant's truck was returning to Little Rock traversing the Hot Springs Highway at a point some miles out of Little Rock a collision of appellant's truck and appellee's bus occurred which resulted in damages to both vehicles. This suit was instituted by appellant against appellee

on January 23, 1933, to compensate the alleged damage to his truck, and on June 13, 1933, appellee answered the complaint by general denial, and in addition thereto affirmatively alleged damages to its bus in the collision through the negligence of appellant. Appellant demurred to appellee's cross-complaint and assigned as cause that the cross-complaint reflected upon its face that the damage complained of by appellee occurred more than three years prior to the filing of the cross-complaint. The demurrer was overruled, and appellant excepted, and this is the first contention urged for reversal. The trial court committed no error in overruling the demurrer. It has long been the law in this State that a counterclaim arising out of tort, even if barred by the statute of limitations, is available and may be employed by way of recoupment against a suit for the recovery of damages. *Huggins* v. *Smith*, 141 Ark. 87, 216 S. W. 1; *Missouri & N. A. Ry. Co.* v. *Bridewell*, 178 Ark. 37, 9 S. W. (2d) 781.

Moreover, it is immaterial that the counterclaim appeared as an affirmative plea by appellee, as pleadings are liberally construed to effectuate justice between the parties. After the demurrer was overruled, the cause proceeded to trial, which resulted in favor of appellee. No complaint is urged as to instructions given and refused, but it is finally insisted that the court erred in permitting witnesses to testify in reference to the allegations of the cross-complaint. This contention presents the identical question presented on demurrer. Certainly, if the demurrer was properly overruled, appellee had the right to prove the allegation of his cross-complaint for recoupment purposes.

No error appearing, the judgment is affirmed.