## LUIGI ORSI
### *vs.*
## RAYMOND E. HALL ET UX.

Court of Common Pleas    Litchfield County    File No. 7240

MEMORANDUM FILED MARCH 8, 1940

*Elbert G. Manchester,* of Winsted, for the Plaintiff.

*Alcorn, Mitchell & Alcorn,* of Hartford, for the Defendants.

SEYMOUR, J.   On July 30, 1938, an automobile accident occurred at a street intersection in Winsted, which resulted in damage to both automobiles.   On October 17, 1938, a complaint setting forth the claim of the plaintiff and seeking recovery in damages to property only, was executed and served. On September 27, 1939, the defendant interposed an answer setting forth a general denial and a special defense by way of counterclaim, also asking money damages only.   The plaintiff demurred to this special defense, setting up the bar of the statute of limitations (Gen. Stat. [1930] §6015 as amended by Cum. Supp. [1935] §1680c).

There is no dispute but that a year had elapsed between the date of the accident and the interposition of the counterclaim. Whether or not the demurrer to the special defense is good in law, depends on the answer to the question whether the allegations of the special defense relate back to the institution of the action.   Our statutes (Gen. Stat. [1930] §5511) provide:   "In any case in which the defendant has either in law or in equity or in both a counterclaim, or right of set-off, against the plaintiff's demand, he may have the benefit of any such set-off or counterclaim by pleading the same as such in his answer, and demanding judgment accordingly; and the same shall be pleaded and replied to according to the rules governing complaints and answers; provided no counterclaim, set-off or defense, merely equitable, shall be available in any action before a justice of the peace."

There are two recognized methods of presenting such a counterclaim as this, either by answer or cross complaint.   *Beach vs. Whittlesey,* 73 Conn. 530, 534.

It is argued by the demurrant that in the absence of an express statute, a demand of the defendant, whether pleaded by way of set-off, counterclaim or cross bill, is regarded as an affirmative action, and therefore, unlike a matter of pure defense, is subject to the operation of the statute of limitations and is unavailable if barred by such statute.   This is a statement of the rule of set-off as set forth in an annotation (16 A.L.R. 326, 328) to the case of *Huggins vs. Smith,* 141 Ark. 87, 216 S.W. 1.   Following the statement of this rule, which seems generally to be approved by cases from 17 states, and

by the Federal Court in the Second Circuit, and also to be the rule in England, three Connecticut decisions are cited, which include *Alsop vs. Nichols,* 9 Conn. 357, and *Gorham vs. Bulkley,* 49 *id.* 91. (The annotator might also have cited *Brabazon vs. Seymour,* 42 Conn. 551 and *Davis vs. Naugatuck Valley Crucible Co.,* 103 *id.* 36.) In eight states of the Union, barred claims are held available as a counterclaim or set-off, but always under the terms of a statute or provisions of the code existing in such states.

The annotator adds among his citations, a third Connecticut case, but apparently with some doubt, for he says: "See also *Beecher vs. Baldwin* (1887), 55 Conn. 419, 3 Am. St. Rep. 57." The doubt whether the *Beecher* case supports his theory is, I think, warranted.

·If I read the decision in the *Beecher* case aright, the court is not referring to a set-off, or counterclaim, but to the ancient common-law defense of recoupment.

The defense of recoupment exists as long as the plaintiff's cause of action exists and may be asserted though the claim as an independent cause of action is barred by limitations. This has been so held in the case of *Williams vs. Neely,* 134 Fed. 1, and in *Crosset Lumber Co. vs. United States,* 87 F. (2d) 930, and *Bull vs. United States,* 295 U.S. 247; and by the highest courts in Alabama (195 Ala. 186, 70 So. 141); Arkansas (141 Ark. 87, 216 S.W. 1); Georgia (9 Ga. 398, 54 Am. Dec. 346); Minnesota (55 Minn. 492, 57 N.W. 211); Nebraska (88 Neb. 95, 129 N.W. 184); Massachusetts (130 Mass. 519), and Vermont (46 Vt. 200). Our Supreme Court of Errors in its opinion in *Beecher vs. Baldwin, supra,* quoted the text writers Wood and also Angel, on limitation of actions, saying (p. 432): "Not only does the bringing of an action stop the operation of the statute as to a proper matter of set-off, but it also seems that it revives a claim which is actually barred out, which is the proper subject of recoupment in the action, as ·damages growing out of the same transaction.... Where there are cross demands between parties, which accrued nearly at the same time, both of which would be barred by the statute, and the plaintiff had saved the statute by suing out process, but the defendant has not, the defendant may nevertheless set off his demand."

*Beecher vs. Baldwin* is cited in 24 R.C.L. 837, and the editors of this particular title, "Set-off and Counterclaim", say:

"In pleading the statute of limitations to a counterclaim, it must be shown that the bar of the statute had matured when the original suit was commenced, and it is not sufficient to aver a bar when the counterclaim was filed."

A counterclaim is a cause of action existing in favor of the defendant against the plaintiff. "It has also been defined as a claim which, if established, will defeat or in some way qualify a judgment to which the plaintiff is otherwise entitled. It is generally defined by the codes as a cause of action arising out of the contract or *transaction* set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; or, in an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action (italics not in original)." 24 R.C.L. Set-off and Counterclaim §4.

In Connecticut the right of set-off, whether legal or equitable, seems to have been confined to rights arising from contract. *Downing vs. Wilcox,* 84 Conn. 437. In the opinion in this case by Judge Prentice, he adopts the definition of Judge Loomis in *Harral vs. Leverty,* 50 Conn. 46, at page 63, wherein Judge Loomis says: "We are satisfied therefore that a defendant by a counterclaim under the statute, cannot bring in for adjudication any matter that is not so connected with the matter in controversy under the original complaint that its consideration by the court is necessary to a full determination of the rights of the parties as to such matter in controversy, or, if it is of a wholly independent character, is a claim upon the plaintiff by way of set-off, and not a claim against a co-defendant." Judge Prentice adds (p. 441): "Further than this we need not go in determining the scope to be given to the term [of set-off] . . . . since a claim arising from tort has never been brought within its application. The right of set-off, whether legal or equitable, has always been confined to rights of action arising from contract. The defendant's action in setting up his counterclaim must find its justification, if any there is, outside the field of set-off" (citing *Plumb vs. Griffin,* 74 Conn. 132, 135; *Lovell vs. Hammond Co.,* 66 id. 500, 508).

To "recoup" is to keep back or stop something which is due. It corresponds with the *reconvention* of the civil law in which the defendant is permitted to exhibit his claim against the plaintiff, provided it arose out of or was incidental to

the plaintiff's particular cause of action.

Bouvier in his law dictionary (Rawle's Third Revision) says: Recoupment "is the right to set off unliquidated damages, while the right of set-off....comprehends only liquidated demands or those capable of being ascertained by calculation, (citing *Parker vs. Hartt,* 32 N.J. Eq. 225). Both these terms have a technical meaning and both are included in the same general term, counterclaim."

"This is because recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely." *Bull vs. United States,* 295 U.S. 247, 262, 79 L. ed. 1421, 1428 (citing in footnote, *Beecher vs. Baldwin, supra*).

It is an indispensable requisite to the allowance of the remedy of recoupment that the damages to be recouped should grow out of the very transaction upon which the plaintiff's claim is founded. If they arise from the breach of an independent contract or from an independent wrong, unconnected with the plaintiff's cause of action, there can be no recoupment. 24 R.C.L. Set-off and Counterclaim §55, citing *Winthrop Sav. Bank vs. Jackson,* 67 Me. 570, 24 Am. Rep. 56.

A comprehensive description of this doctrine and its application will be found in the decision of the Supreme Court of Wisconsin in *Peterson vs. Feyereisen,* 203 Wis. 294, 234, N.W. 496, 73 A.L.R. 571*. The syllabus (234 N.W. 496) reads, in part: " 'Recoupment' is not 'counterclaim' or 'set-off' within statute prohibiting action barred by limitations from being alleged as counterclaim or set-off.

"Right of defrauded party to recoup for fraud in misrepresenting acreage conveyed by vendor suing for full contract price is not barred by six-year limitation."

The court, in its opinion, quotes with approval a decision written by Judge Sanborn of the C.C.A. (8th Circuit) in the action of *Williams vs. Neely,* 134 Fed. 1, wherein Judge Sanborn quotes with approval (p. 7) from *Winder vs. Caldwell,* 14 How. 434, 443, 14 L. ed. 487, an action on a building

* A quotation *in extenso* from the opinion in the *Peterson* case has been omitted.—Ed.

contract; to which the defense of delay, poor materials and poor workmanship was interposed: "For, although it is true, as a general rule, that unliquidated damages cannot be the subject of set-off, yet it is well settled that a total or partial failure of consideration, acts of nonfeasance or misfeasance, immediately connected with the cause of action, or any equitable defense arising out of the same transaction, may be given in evidence in mitigation of damages or recouped, not strictly by the way of defalcation or set-off, but for the purpose of defeating the plaintiff's action, in whole or in part, and to avoid circuity of action." The court also cited the opinion of our Supreme Court in *Beecher vs. Baldwin, supra.*

Today statutes and codes aim to prevent circuity of action and multiplicity of suits, and to present to the court in one cause those claims which, whether denominated legal or equitable, arise out of a series of events depending on each other, or having more or less a common denominator. Aside from obtaining this simplicity, one would find difficulty in differentiating between set-off and counterclaim. Recoupment— yes—for this is a civil law term and has a clearly defined meaning and is as old as our common law; but still it is used almost interchangeably with set-off and counterclaim in less carefully drafted opinions.

"If, however, a counterclaim or set-off is not barred at the commencement of the action in which it is pleaded, it does not become so afterward, during the pendency of that action." 24 R.C.L. Set-off and Counterclaim §43.

To support this statement the editors cite *Beecher vs. Baldwin, supra.* And to quote again from this same section 43, it is stated: "A counterclaim must be an existing cause of action, but recoupment is a right to reduce the plaintiff's claim, and this right exists as long as the plaintiff's cause of action exists and may· be asserted though barred as an independent cause of action" (citing *Williams vs. Neely, supra;* and again *Beecher vs. Baldwin, supra;* and *First Nat'l Bank vs. Childs,* 130 Mass. 519).

As a general proposition of law, in an action for damages resulting from an automobile collision, defendant may set up by way of recoupment his damages, proximately resulting from plaintiff's negligence, and recover therefor, provided he has not been guilty of contributory negligence. *Alabama*

*Power Co. vs. Kendrick,* 219 Ala. 692, 123 So. 215, cited in 57 C.J. Set-off and Counterclaim §70.

For the purpose of this decision, in the instant case, we have a counterclaim arising out of the same cause of action or transaction, and though it sounds in tort, the defendants assert they are entitled to oppose their claim for the damage they suffered, against the claim for damages that the plaintiff alleges he suffered.

Under the authorities above cited, this I hold the defendant is entitled to do upon the theory of recoupment.

The demurrer is overruled.