## LITTLE ROCK CRATE & BASKET COMPANY
## *v.* Herman E. YOUNG
## d/b/a HERMAN YOUNG LUMBER COMPANY

84-189 681 S.W.2d 388

Supreme Court of Arkansas
Opinion delivered December 21, 1984

*Barber, McCaskill, Amsler, Jones & Hal, P.A.*, for appellant.

*W. Frank Morledge, P.A.*, for appellee.

GEORGE ROSE SMITH, Justice. When a plaintiff brings suit upon a claim arising from a certain transaction, may the defendant successfully assert a setoff that arose from a different transaction and was barred by limitations when the plaintiff's cause of action accrued? The trial judge construed the controlling statute to mean that such a setoff cannot be allowed in reduction of the plaintiff's claim. We disagree. Our jurisdiction is under Rule 29 (1) (c).

In 1981 the appellee as plaintiff filed his complaint to recover $7,207.20 as the purchase price of logs he sold to the defendant-appellant in 1979. The defendant's answer denied the plaintiff's claim and asserted a $5,000 setoff arising from the defendant's sale of a core chipper to the plaintiff in 1972, a claim apparently barred by limitations. On the plaintiff's motion for summary judgment the trial judge disallowed the setoff, entered judgment for the plaintiff for $6,537.06 upon a finding that defendant admitted liability in that amount, and refused to allow prejudgment interest. The defendant appeals as to the setoff; the plaintiff cross-appeals as to the interest.

First, the setoff. In our view, the answer to the question posed in our first paragraph is discoverable from the language and legislative history of the statute, now compiled as Ark. Stat. Ann. § 37-233 (Repl. 1962). The original statute was enacted in 1838 as Section 33 of Chapter 91 of the Revised Statutes. The preceding 32 sections of that chapter had covered most aspects of the law of limitations, but had not mentioned setoffs. Section 33 treated that subject, as follows:

> The provision of this act shall be deemed and taken to apply to the case of any debt or simple contract alleged by way of set-off, on the part of any defendant, either by plea, notice, or otherwise.

Under the Civil Code of 1868, § 117, a counterclaim was defined and had to arise from the same transaction that was the basis for the plaintiff's claim. That restriction was removed by Act 267 of 1917, which provided that a counterclaim could be any cause of action, in contract or tort, in favor of the defendant against the plaintiff. Ark. Stat. Ann. § 27-1123 (Repl. 1962); *Huggins* v. *Smith,* 141 Ark. 87, 216 S.W. 1, 16 A.L.R. 323 (1919); *Coats* v. *Miller,* 134 Ark. 311, 203 S.W. 701 (1918). As to the statute of limitations, however, the distinction based on whether the counterclaim or setoff arose from the same transaction as that giving rise to the plaintiff's demand was not made clear until our decision in *Missouri & North Ark. Ry.* v. *Bridwell,* 178 Ark. 37, 9 S.W. 2d 781 (1928). There we drew a clear distinction:

If a counterclaim or set-off is interposed as a defense merely, and no affirmative relief is asked, and when it grows out of the transaction which is the basis of plaintiff's cause of action, there is no reason why this defense might not be available as long as plaintiff's cause of action exists.

\* \* \* \* \*

Where, however, a counterclaim or set-off has no connection with plaintiff's cause of action, but is an independent claim against the plaintiff, it will be barred as a defense and not available to the defendant if the right of action on such counterclaim was already barred before plaintiff's cause of action accrued.

It was with this background· of case law that the legislature saw fit, by Act 398 of 1939, to amend the original section of the Revised Statutes in two respects. First, the existing language was enlarged to encompass not merely contractual debts but also "any demand," without restriction. That change is not material to the case at bar, which involves two matters of contract.

But, second, the legislature added this additional proviso to the ancient statute governing the assertion of setoffs: "[P]rovided however that any demand, right or cause of action, *regardless of how same may have arisen* [emphasis supplied], may be asserted by way of set-off in any action to the extent of the plaintiff's demand." Ark. Stat. Ann. § 37-233. The necessary intent of the italicized clause was to set aside the distinction made in the *Bridwell* case, *supra,* for otherwise the clause would have no effect whatever. The appellee suggests that the purpose of the amendment was to make it clear that for a setoff to be claimed (if timely brought), it need not have arisen from the same transaction as the plaintiff's demand. But that has been the law ever since the 1917 amendment to the Civil Code and in fact has been carried forward in Civil Procedure Rule 13 (a) and (b). We must give the 1939 proviso some meaning, for in the language of Karl N. Llewellyn which we have quoted in an earlier case: "If a statute is to make sense, it must be read in

the light of some assumed purpose. A statute merely declaring a rule, with no purpose or objective, is nonsense." *Davis* v. *Johnston,* 251 Ark. 1078, 479 S.W.2d 525 (1972). Since the 1939 proviso had no visible effect except to allow any demand to be asserted as a defensive setoff, regardless of whether it arose from the same transaction as that relied on by the plaintiff, we hold that the trial court was mistaken in its disallowance of the $5,000 setoff by summary judgment. The merits of that claim may be decided on remand.

Second, by cross appeal the appellee seeks an allowance of prejudgment interest. Although as plaintiff the appellee originally sought to recover $7,207.20, he reduced his demand to conform to the defendant's answer to an interrogatory, admitting that it owes $6,537.06 as the balance due on its purchase of logs from the plaintiff. Insomuch as the precise extent of the defendant's liability seems to have been readily determinable, the appellee is apparently entitled to interest from the date on which suit was brought. *Loomis* v. *Loomis,* 221 Ark. 743, 255 S.W.2d 671 (1953). That matter, however, will also be open on remand.

Reversed on direct and cross appeal and remanded.