ADELBERT W. MARSH, Respondent, *v.* CHARLES RICHER, Appellant.

(County Court, Onondaga County, August, 1910.)

Damages — Evidence as to damages — In general — Questions of law or fact.

Justices of the peace — Procedure in justices' courts: Set-off and counterclaim — Subject matter — Cause of action barred by Statute of Limitations: Trial — Direction of verdict.

Taking case from jury and nonsuit — Power and duty of court to direct verdict or grant nonsuit.

A justice of the peace has no authority to direct a verdict in any case.

County Court, Onondaga County, August, 1910.    [Vol. 68.

The opinions of witnesses as to the value of services sued for are not conclusive upon a jury, but the jurors may exercise their own judgment in estimating the weight to be given to them, and it is error for the court to direct the jury to give a verdict in accordance with such opinions.

*Semble,* section 397 of the Code of Civil Procedure which provides that " A cause of action, upon which an action cannot be maintained, as prescribed in this title, cannot be effectually interposed as a defence or counterclaim " must be so construed as to permit a defendant to interpose as a defence or counterclaim facts which might constitute a cause of action in his favor arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim by reason of the negligent or unskillful performance of the services for which the plaintiff seeks compensation which may have been valueless to the defendant, at least to the extent of plaintiff's claim, though an action for damages therefor by defendant may be barred by the Statute of Limitations.

APPEAL from a judgment in favor of the plaintiff for forty-one dollars and forty-eight cents damages, besides costs, rendered by a justice of the peace upon the verdict of a jury.

Hitchcock & Murphy (Joseph Murphy, of counsel), for appellant.

William Rubin, for respondent.

Ross, J.   The plaintiff, a physician, brought this action to recover for professional services in treating the wife (since deceased) of the defendant.   The defendant in his answer, with other matters, alleges that the services of the plaintiff were worthless, and that the plaintiff so negligently and unskillfully conducted himself in treating the defendant's wife that she died.   The plaintiff testified in detail that his services were worth the amount which the jury allowed.   This is the only evidence in the case specifying in dollars and cents the value of the plaintiff's services.   The defendant swore non-professional witnesses as to what the plaintiff did in treating defendant's deceased wife and as to statements claimed to have been made at the time by the

plaintiff, which evidence tended to show that the plaintiff was negligent.

At the close of the evidence the record shows that the justice made the following statement: " I did then charge the jury to render a verdict in favor of the plaintiff and against the defendant in the sum of $30.50, with interest thereon from the 27th day of April, 1904." The jury retired and rendered a verdict in accordance with the direction of the justice. The justice states in his return as follows: " My reason for so charging the jury is that there was no dispute as to the services being rendered; that there was no evidence offered by the defendant as to the value of plaintiff's services; that being the case there was no question of fact for the jury to decide.

" The defendant endeavored to introduce evidence of malpractice as a counterclaim to the claim of the plaintiff, but I refused to allow this, as such evidence is inadmissible under section 397 of the Code of Civil Procedure, an action in malpractice being barred by the statute of limitations."

I see no escape from the conclusion that such direction of a verdict was error. I know of no authority for a justice of the peace to direct a verdict. He may charge the jury at the peril of doing so correctly, but charging a jury is quite different from directing a verdict. To charge a jury is to state to them the law applicable to the case; to direct a verdict is to determine the questions of fact, which responsibility rests entirely upon the jury. 3 Wait's Law & Practice (6th ed.), p. 751; Blumburg v. Briggs, 10 N. Y. St. Repr. 242. Besides such direction was erroneous, even considered as a charge, because it took from the jury the right to determine the value of the plaintiff's services. The jury were not bound to accept the plaintiff's testimony as to the value of his services:

A. Because he was an interested witness. Elwood v. Western Union Tel. Co., 45 N. Y. 549; Kavanagh v. Wilson, 70 id. 177; Saranac & S. P. R. R. Co. v. Arnold, 167 id. 368.

B. Also for the reason that such a statement of opinion even of a disinterested witness is not conclusive upon a

jury although uncontradicted.   As stated in 3 Wigmore on Evidence, section 2034:  " The mere assertion of any witness does not of itself need to be believed, even though he is unimpeached in any manner." Bramble v. Hunt, 68 Hun, 204; B. H. R. Co. v. B. C. R. Co., 124 App. Div. 896, 902; Head v. Hargrave, 105 U. S. 45.

This was an action brought to recover for legal services. Several experts were sworn by the respective parties as to the value of the services and the judge charged in substance that the jury should determine from the evidence of these witnesses and not from their own knowledge or ideas as to the value of such services.   The opinion of Mr. Justice Field contains the following:  " While they cannot act in any case upon particular facts material to its disposition resting in their private knowledge, but should be governed by the evidence adduced, they may, and to act intelligently they must, judge of the weight and force of that evidence by their own general knowledge of the subject of inquiry. If, for example, the question were as to the damages sustained by a plaintiff from a fracture of his leg by the carelessness of a defendant, the jury would ill perform their duty and probably come to a wrong conclusion, if, controlled by the testimony of the surgeons, not merely as to the injury inflicted, but as to the damages sustained, they should ignore their own knowledge and experience of the value of a sound limb.   Other persons besides professional men have knowledge of the value of professional services; and, while great weight should always be given to the opinions of those familiar with the subject, they are not to be blindly received, but are to be intelligently examined by the jury in the light of their own general knowledge; they should control only as they are found to be reasonable.
*   *   *

" They should not have been instructed to accept the conclusions of the professional witnesses in place of their own, however much that testimony may have been entitled to consideration.   The judgment of witnesses, as a matter of law, is in no case to be substituted for that of the jurors.   *   *   *"

In the same case, quoting from the opinion of Chief Justice Shaw in Murdock v. Sumner, 22 Pick. 156, the following language is quoted: "'The jury very properly exercise their own judgment and apply their own knowledge and experience in regard to the general subject of inquiry.' In that case a witness had testified as to the quality, condition, and cost of certain goods, and given his opinion as to their worth, and the court said that 'the jury were not bound by the opinion of the witness, they might have taken the facts testified by him as to the cost, quality and condition of the goods, and come to a different opinion as to their value.'"

The case of Blackley v. Sheldon, 7 Johns. 32, cited by the plaintiff, is not in point. That was a case of the correction of a verdict before it was announced or entered, which right clearly exists in the case of mistake, as for instance where the foreman of the jury by mistake states that they have found for the plaintiff when they intended to find for the defendant, or *vice versa*. There is no doubt that the power exists, if exercised immediately, to correct such an error.

Although not argued by the learned counsel upon this appeal, there is another question involved in this case, which, although not necessary to this decision, in the event that the case is tried again is of importance. The services sued for were rendered more than three and less than six years ago and the Statute of Limitations has run against an affirmative action by the defendant for negligence. The plaintiff invoked the provisions of section 397 of the Code of Civil Procedure, and the justice of the peace sustained such contention and excluded evidence offered by the defendant tending to show that the services rendered by the plaintiff were valueless. The section in question reads as follows: "A cause of action, upon which an action cannot be maintained, as prescribed in this title, cannot be effectually interposed as a defence or counterclaim."

It is remarkable that, while this section was enacted in 1876, I am unable to find any decisions in which the principle herein involved was presented. The cases of Thomp-

son v. Sickles, 46 Barb. 49 (1866), and Moore v. Williams, 26 N. Y. Supp. 766, were cases of an independent claim, not arising out of the transaction set forth in the complaint or connected with the subject of the action.

It seems to me that the contention of the plaintiff cannot be correct to the extent of preventing the defendant from showing the facts relative to the claim of the plaintiff to the extent at least of modifying or defeating his claim. The questions for decision were: *First.* Did the plaintiff perform services for the defendant? *Second.* What services did he perform? *Third.* What were they worth?

Can it be possible that a defendant, after the lapse of three years, is prevented from showing that the services were performed in such a manner and so negligently as to be valueless? If this is to be the construction which is to be placed upon this section a plaintiff who is negligent, however grossly, is in a better position after the lapse of three years than a plaintiff who has not been negligent, yet must show, by competent evidence and by comparison with the compensation received by others for similar services, the value of his labor.

Take the case of an attorney who after three years sues to recover for professional services, who, with other claims, sues for the value of his services in trying an important case. Suppose the defendant seeks to show that by reason of the intoxication of the plaintiff he was incapacitated from conducting the case, and as a result it was dismissed, or put over the term, or took any other form of legal disaster. Can it be possible that the defendant would not be permitted to show the facts and the result of such neglect as bearing upon the value of the plaintiff's services?

Over 100 years ago in the case of Ord v. Ruspin, 2 Esp. 570, the principles herein involved were presented. The plaintiff's demand was not barred by the Statute of Limitations but the defendant could not have sued upon his demand against the plaintiff.

Lord Kenyon said: " That as the transactions between the plaintiff and defendant in that suit were all of the same date and the mutual claims arose in the course of those

transactions it would be the highest injustice to allow one to have an operation and not the other by reason of the statute." The same doctrine is stated in 25 Cyc. at page 1063 in the following language: "The defense of reduction or recoupment which arose out of the same transaction as the claim survives as long as the cause of action upon the claim exists, although an affirmative action upon the subject of it may be barred by the statute of limitations." And cites several cases in sister States, and in the United States courts.

It seems to me that section 397 of the Code of Civil Procedure must be construed so as to save the cases specified in subdivision 1 of section 501 of the Code of Civil Procedure, which provides that a defendant may interpose as a counterclaim: "A cause of action arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

Judgment reversed, with costs.