KELLY ASPHALT BLOCK COMPANY, Appellant, *v.* BROOKLYN ALCATRAZ ASPHALT COMPANY, Respondent.

**Money had and received — action by corporation to recover moneys alleged to have been paid to defendant without authority — concession by plaintiff that money paid to one of its stockholders might be deducted from its recovery — when concession nullified by reversal of judgment in its favor.**

Where, in an action to recover money alleged to have been paid by plaintiff's president to defendant without authority, and by defendant applied in payment of certain claims against plaintiff, the latter conceded on the trial that, if its recovery was sufficient, a certain sum paid to one of its stockholders might be retained by him, and in arriving at the amount found due the plaintiff the referee deducted said amount with interest under the concession, and thereafter the Appellate Division reversed the judgment in favor of plaintiff and

found that nothing was due from the defendant to the plaintiff, the concession that the sum paid the stockholder might be taken out of the recovery was nullified, and where there was no proof whatever that the plaintiff ever owed said sum to its stockholder or that the defendant was justified in paying it to him, the judgment of reversal must be modified by allowing the plaintiff the sum in question with interest.

*Kelly Asphalt Block Co.* v. *Brooklyn Alcatraz Asphalt Co.*, 190 App. Div. 750, modified.

(Argued December 1, 1921;  decided January 10, 1922.)

APPEAL from a judgment, entered April 13, 1920, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon the report of a referee and directing a dismissal of the complaint.

*Edward M. Grout* and *Dean Potter* for appellant.

*Abram J. Rose, Alfred C. Petté* and *Philip M. Brett* for respondent.

CRANE, J.   The plaintiff and the defendant are domestic corporations of which William Kelly was president.   In the plaintiff corporation, William Kelly, Daniel J. McCoy, Thomas Monahan and Edward F. Monahan were the holders respectively of 207, 207, 205 and 205 shares of its principal capital stock which was all the stock issued. Of the capital stock of the defendant corporation the said Kelly, its president, owned 98% thereof.   In May of 1914 the plaintiff received a check for the sum of $41,092.93, the net proceeds of a suit brought by it against the Barbour Asphalt Paving Company.   By resolution the plaintiff's directors gave to the president, William Kelly, the power to pay out of said moneys the bills of the Kelly Asphalt Block Company.   With the exception of $4,885.25 Kelly paid all of the money to

20

the defendant, the Brooklyn Alcatraz Asphalt Company, of which he was also president, and that company applied it in payment of certain claims which it had against the plaintiff.

.The plaintiff brought this action on the theory that the payment by Kelly to the defendant was unauthorized and that even if authorized some of the claims upon which the money had been applied by the defendant were not due from the plaintiff or were outlawed.

The referee to whom the matter was referred found that any indebtedness existing on the part of the plaintiff to the defendant prior to December 13, 1907, was barred by the Statute of Limitations and that Kelly had no authority whatever under the resolution of the plaintiff's board of directors to pay outlawed claims.  He determined as a matter of law that the directors, even if they so intended, had no power without the consent of the stockholders to authorize payment of outlawed claims.  He gave judgment for the plaintiff in the sum of $21,726.47, with interest.

The Appellate Division reversed the findings of the referee, holding that there was authority under the circumstances to pay the claims which had been barred by the Statute of Limitations; that they were not barred anyhow, and determined that all the moneys which had been paid to the defendant by Kelly had been properly and fully expended in meeting the plaintiff's obligations. In fact, that there was a balance of $.34 over payment.

We do not refer to the particulars of the plaintiff's claim or the various items of the account as we have no fault to find with the determination of the Appellate Division except in one particular.

The defendant paid to Thomas Monahan on June 25, 1914, the sum of $2,000.  There was no evidence whatever to show that this was a debt which the plaintiff owed to Monahan or that it was properly paid out of the plaintiff's money.  Just before the close of the case,

however, the counsel for the plaintiff conceded the sum of $2,000 thus paid. At the next session before the referee the concession was withdrawn and modified so as to read as follows: "I want to make one modification of the concession I made at the close of the last hearing in regard to the $2,000 payment. I want to couple that concession with the reservation that it is only effective in case the sum due from the defendant is sufficient to afford a distributive share equal to $2,000 to Thomas Monahan. I do not concede that there was any debt from the plaintiff to Thomas Monahan."

After much discussion the referee ruled that he would reopen the case but allow the defendant a reasonable time to find proof justifying its payment or to examine into it, and with the ruling the defendant's counsel declared himself satisfied.

The purport of the plaintiff's modified concession was this. Thomas Monahan owned one-fourth of the stock of the plaintiff company. If the plaintiff was to receive from the referee a judgment so large that a one-fourth interest thereof exceeded $2,000 the plaintiff was willing that the defendant should keep this amount of $2,000 as having already been paid to Monahan. As I understand it, Monahan by reason of his stock interest would be entitled to one-fourth of the amount paid by the defendant to the plaintiff. If his one-fourth interest exceeded $2,000 the plaintiff was willing that the defendant should deduct it from the amount the referee found to be due to it. Accordingly the referee made a finding reading as follows: "Thereafter and on June 25, 1914, defendant paid to Thomas Monahan the sum of $2,000. This sum the plaintiff conceded was a proper credit provided the distributive share of said Thomas Monahan in the net recovery showed a balance in favor of the plaintiff sufficient to make said Thomas Monahan's distributive share of the amount recovered by the plaintiff from the defendant equal to the said sum of $2,000

in addition to the sum of $4,885.25 paid to said James Sullivan by the plaintiff for said Thomas Monahan's account." The latter figure need not be explained, as the amount found by the referee was sufficient to meet all the terms and conditions of this concession. In arriving at the amount due the plaintiff, however, as above stated, the referee deducted among other allowances the $2,000 and interest under the concession and gave judgment for the balance.

Upon reversal by the Appellate Division this amount was reduced to nothing so that the stipulation or concession fell with the findings of the Appellate Division, that is, when the Appellate Division found that there was nothing due from the defendant to the plaintiff the concession or consent that the $2,000 paid to Monahan might be taken out of the recovery was nullified and rendered ineffective. The $2,000, therefore, existed as a valid claim against the defendant as there was no proof whatever to show that the plaintiff ever owed Monahan $2,000 or that the defendant was justified in paying him the sum.

The judgments appealed from must, therefore, be modified by allowing the plaintiff this $2,000, together with interest from June 25, 1914, and costs in this court and Appellate Division to the appellant, and as thus modified affirmed.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment accordingly.