GEORGE H. FISH, Plaintiff, *v.* KATHERINE M. CONLEY, Defendant.

Supreme Court, Saratoga County, April, 1927.

Limitation of actions — counterclaim — counterclaim for damages for malpractice is not barred by Civil Practice Act, § 61, in action for medical services though independent action for relief on counterclaim is barred by section 50.

In this action to recover for medical services rendered by plaintiff to defendant, defendant is not precluded by section 61 of the Civil Practice Act from asserting a counterclaim for damages for malpractice in the rendition of plaintiff's services, though independent action for the relief sought in the counterclaim would be barred by the two-year Statute of Limitation prescribed in section 50 of the Civil Practice Act.

MOTION by plaintiff to dismiss a counterclaim.

*Brackett & Eddy* [*Francis E. Dorsey* of counsel], for the plaintiff.

*Rowe & Walsh* [*Alexander F. Walsh* of counsel], for the defendant.

GOLDSMITH, J. Plaintiff moves to dismiss the counterclaim designated " third " on the ground that the cause of action alleged therein is barred by the Statute of Limitations.

The plaintiff, by action commenced on the 15th day of February, 1927, seeks to recover for medical services rendered by him to the defendant between the 1st day of March, 1924, and the 17th day of February, 1925. The defendant sets up a counterclaim for damages for malpractice in the rendition of said medical services. The answer containing the counterclaim was served on the 29th day of March, 1927.

An action to recover damages for malpractice is subject to the limitation of two years prescribed in section 50 of the Civil Practice Act. It is unquestioned that more than two years had elapsed since the accrual of the cause of action alleged in the counterclaim and that the defendant could not have maintained an independent action therefor. The plaintiff contends that the counterclaim is, therefore, barred by section 61 of the Civil Practice Act, which reads: " A cause of action other than for the recovery of real property, upon which an action cannot be maintained as prescribed in this article, cannot be effectually interposed as a defense or counterclaim."

Such a construction cannot fairly be placed upon the language of this section in its application to this action. The cause of action alleged in the counterclaim arose out of the original transaction upon which plaintiff bases his demand for judgment. If a cause of action survives to plaintiff from this transaction, then the defendant is entitled to assert any right or remdy that accrued to her from the same transaction. The legal effect of the transaction as to the parties, so far as they make demand in their pleadings, must be determined. The rights and remedies of the same parties arising out of the same transaction cannot be divided and separated and some preserved and others cast out.

When the plaintiff commenced this action he invited the defendant to take advantage of any infirmity that affected the transaction which is the subject of this litigation, even though defendant would be barred from instituting an independent action for the relief sought in the counterclaim.

The reasoning of the court in *Herbert* v. *Day* (33 Hun, 461) seems to be controlling. In that case, as in the one here under consideration, the defendant set up a counterclaim arising out of the transaction forming the basis of plaintiff's claim and the cause of action alleged in the counterclaim was subject to the bar of the Statute of Limitations if it had been commenced as an independent action. The court, by DANIELS, J., wrote: " The statute itself contains no provision requiring any different construction. It simply prescribes the time when the action itself must be commenced, without imposing any limit whatever on the time within which in the same action the defendant is to be restricted to the presentation of his counterclaim for a breach of the same agreement by the plaintiffs. If it had been intended to subject that to any other restriction than that within which it has been provided the answer shall be served, some positive evidence of that intention would have found expression in the law. That has been omitted, and the omission itself evinces the design that no distinction should

Surrogate's Court, New York County, April, 1927.        [Vol. 129

be made between the right to enforce the several parts of an entire contract.  Such a construction of the statute of limitations as would produce a different result would be strikingly unjust, for it would put it in the power of one party entitled to the partial advantage of a contract, to secure it by delay, even when the just enforcement of the residue of, and part of, the same agreement would avoid that result.  And that could not have been intended to be promoted by the statute declaring the time within which an action should be commenced.  What the law was intended to accomplish was to prevent the enforcement of stale demands, not to provide the means by which injustice might be secured by disabling one of the parties to an existing or open controversy depending on the just observance of the other terms of one entire agreement from asserting and maintaining his rights under it."

The construction urged by the plaintiff would be contrary to the plain purpose of subdivision 1 of section 266 of the Civil Practice Act (formerly Code Civ. Proc. § 501, subd. 1), which provides that a defendant may interpose as a counterclaim " A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action."  (*Marsh* v. *Richer*, 68 Misc. 587, 593; *Herbert* v. *Day, supra.*)

Motion to dismiss counterclaim designated " third " denied, with ten dollars costs.