WESTERVELT PRENTICE, Respondent, v. ERIE HEIMAN, Appellant.

County Court, Nassau County, June 18, 1930.

*Louis Winer*, for the appellant.

*Leo Schloss*, for the respondent.

SMITH, J. This is an appeal from a judgment rendered by Justice of the Peace Andrew B. Heberer, in the town of Oyster Bay, on March 19, 1930. It appears from the record that a jury trial was demanded in this case, and that a jury was sworn, and the trial proceeded before the jury, and after due deliberation the jury returned a verdict in favor of the defendant. Thereupon a motion was made on behalf of the plaintiff to set aside the verdict, upon the ground it was against the weight of evidence. Decision was reserved, and thereafter on March 19, 1930, said justice of the peace granted said motion and rendered a judgment in favor of the plaintiff against the defendant in the sum of $166.59, together with costs. The question raised upon this appeal is whether or not the said justice of the peace had any authority to set aside the verdict and render judgment.

Section 256 of the Justice Court Act provides as follows: " When the jurors have agreed upon their verdict, they must publicly deliver it to the justice who must enter it in his docket-book."

I find no provision in the Justice Court Act which authorizes a justice of the peace to set aside a verdict of the jury. When there is a trial by jury in a Justice of the Peace Court, the jury becomes the judge of the law and the facts, and the only way to review its determination is by way of appeal. The Justice Court is a court of limited jurisdiction, and unless authority is given by the statute to set aside a verdict it does not exist.

Section 270 of the said Justice Court Act enumerates when judgment is to be rendered, and provides in part as follows: " The justice must forthwith render judgment and enter it in his docket book in either of the following cases: * * * 3. Where a verdict is rendered; " it is, therefore, the duty of the justice of the peace, when the jury has rendered its verdict, to forthwith enter a judgment on said verdict in his docket book.

In *Young* v. *Hubbell* (3 Johns. 430) it was held that, after the cause had gone to the jury, it ought to have been decided by them. The justice had no right to interfere and prevent their verdict.

Likewise in *Elwell* v. *McQueen* (10 Wend. 519, 520) it was held that after a cause is once submitted to a jury the justice cannot withdraw it from them and nonsuit the plaintiff.

In *Marsh* v. *Richer* (68 Misc. 587) it was held that a justice of the peace has no authority to direct a verdict.

In *Stephens* v. *Santee* (49 N. Y. 35, 39) it was held that, when the

verdict has been received and entered by the justice, he has no further judicial power or discretion in regard to it. He cannot set it aside, or in any respect modify it.

A justice of the peace being without authority to set aside a verdict rendered by the jury, his act was void, and likewise the judgment which he rendered was void. The verdict of the jury should have been entered in his docket book, and judgment entered thereon, and the judgment rendered by the justice of the peace is, therefore, reversed and canceled, and I direct that judgment may be rendered in accordance with the verdict of the jury.