PETERSON, Appellant, vs. FEYEREISEN, Respondent.

*December 10, 1930—January 13, 1931.*

For the appellant there was a brief by *S. Swenumson* of Baldwin and *Spencer Haven* of Hudson, and oral argument by *Mr. Haven.*

*W. T. Doar* of New Richmond, for the respondent.

FRITZ, J.    If the facts alleged in the answer of the defendant ever entitled him to affirmative relief on the ground of fraud, his right to such relief had become barred in June, 1925, by secs. 330.15, 330.19 (7), Stats., by reason of his failure to commence an action therefor within six years.

The only question on this appeal is whether, although sec. 330.27, Stats., provides that "A cause of action upon which an action cannot be maintained, as prescribed in this chapter, cannot be effectually interposed as a defense, counterclaim or setoff," the facts constituting such cause of action may nevertheless be interposed by way of equitable reduction of the amount which plaintiff claims to be entitled to recover.

In New York a similar statute, excepting that it omits the word "setoff," has been held not to prevent the defendant from showing the facts relative to the claim of the plaint-

iff, to the extent of modifying or defeating the plaintiff's claim. *Kelly Asphalt B. Co. v. Brooklyn Alcatraz Asphalt Co.* 190 App. Div. 750, 180 N. Y. Supp. 805; *Id.* 232 N. Y. 304, 133 N. E. 899; *Marsh v. Richer,* 68 Misc. 587, 125 N. Y. Supp. 245.

According to the facts alleged in the answer, although plaintiff seeks to recover an alleged unpaid balance of the purchase price for 214 acres, which he falsely represented were in the tract which he contracted to convey at $100 per acre, defendant has recently discovered that plaintiff's performance of that contract has fallen short to the extent of nineteen acres. Manifestly, in equity and good conscience, the amount of plaintiff's recovery in this action should be reduced to the extent of the diminution of the consideration for the purchase price. If defendant, by reason of plaintiff's false and fraudulent representations, has acquired only 195 acres instead of 214 acres, then, to the extent of the shortage of nineteen acres, there has been a failure of consideration on plaintiff's part. The facts alleged by defendant negative plaintiff's allegations of full performance. They arise out of the very transaction which is the foundation of plaintiff's action and by virtue of which he asserts the right to recover. To the extent to which they negative full performance ·by plaintiff they directly affect his cause of action and constitute a defense *pro tanto.*

As to a somewhat analogous defense, Judge SANBORN rightly said in *Williams v. Neely,* 134 Fed. 1, 67 C. C. A. 171, 69 L. R. A. 232:

"The defense is simply an equitable reason why the amount which the defendant should recover upon his note should be reduced below the amount which appears to be due upon its face. It springs out of and is a part of the same transaction from which the note arises. It is reduction or equitable recoupment, for it is analogous to the defense of recoupment at law. . . .

"The next contention is that the defense to the note by way of equitable reduction is unavailable to the complainants because the cause of action upon the covenant against incumbrances is barred by the statute of limitations. . . . That defense, as we have seen, is not setoff or counterclaim, but an equitable reason why the amount payable by the terms of the note should be reduced. It is reduction. It is that because the consideration of the note failed in part, and because the condition subsequent that the covenant against incumbrances should be kept was not fulfilled, the full amount of the note ought not to be paid. This defense attaches to and inheres in the note itself, and, while the cause of action upon that obligation survives, the defense lives and runs with it. The defense of reduction or recoupment which arises out of the same transaction as the note or claim survives as long as the cause of action upon the note or claim exists, although an affirmative action upon the subject of it may be barred by the statute of limitations. *Ord v. Ruspini,* 2 Esp. 569; *Beecher v. Baldwin,* 55 Conn. 419, 432, 12 Atl. 401, 3 Am. St. Rep. 57; *Aultman & Co. v. Torrey,* 55 Minn. 492, 57 N. W. 211; Wood, Limitations (3d ed.) § 282; *Conner v. Smith,* 88 Ala. 300, 7 South. 150; 25 Am. & Eng. Ency. of Law, p. 561, § 9."

Such recoupment is not included in the terms "counterclaim" and "setoff" which are used in sec. 330.27, Stats. (24 Ruling Case Law, p. 795, § 5; 34 Cyc. pp. 642, 643, secs. H 1 and 2), and that section should not be construed so as to include recoupment.

We conclude that the legislature did not intend by that section to abolish the right of the defrauded party to defend by denying that he owes all of the amount charged, and thus recouping, in reduction of that amount, to the extent of the diminution of the consideration occasioned by the fraud, when he is sued by the perpetrator of the fraud to recover the full fruitage of the fraud. To permit a guilty plaintiff to assert that such a defense *pro tanto* is barred by the statute of limitations, and that the defrauded party is left

entirely helpless and without recoupment, when such a plaintiff invokes the aid of a court to obtain the product of his fraud, would be so unreasonable and contrary to all sense of justice that no such intention should be ascribed to the legislature unless clearly expressed in its enactments.

*By the Court.*—Order affirmed.