### DIXIE MARGARINE CO. v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 8204.

Circuit Court of Appeals, Sixth Circuit.
Nov. 15, 1940.

446

George N. Murdock, of Chicago, Ill., for petitioner.

Joseph M. Jones, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and Ellis N. Slack, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SIMONS, ALLEN, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

The Board of Tax Appeals sustained a deficiency assessment in the amount of $16,775.60 in petitioner's income tax for the year 1932, and this is a petition to review that decision. The essential facts were stipulated and adopted as findings by the Board.

Petitioner, a Tennessee corporation, manufactured and sold food products, principally one which was a mixture of vegetable oils, skimmed milk and salt, with or without coloring matter. In consequence of a ruling by the Bureau of Internal Revenue that this product was taxable under the Oleomargarine Act,* petitioner paid, between March 15, 1923, and June 10, 1931, the aggregate amount of $329,231.64 for license and stamp taxes.

The following facts appear from the Board's opinion:

"In 1927 petitioner concluded that its product was not oleomargarine, and was not taxable as such, under the law. Thereafter, on November 30, 1929, petitioner filed a claim for refund of amounts paid from December 1, 1925, to October 30, 1929, which claim was rejected by the Commissioner on December 26, 1929. On December 17, 1931, petitioner filed suit in a district court for the amount sought to be recovered in the claim for refund.

"On September 14, 1931, petitioner filed a claim for refund of the amounts paid from November 1, 1929, to July, 1931, and that claim was rejected by the Commissioner on December 14, 1931.

"On February 15, 1932, the Supreme Court decided the case of Miller v. Standard Nut Margarine Co., 284 U.S. 498 [52 S.Ct. 260, 76 L.Ed. 422], in which it was held that a product of the character of that of petitioner did not come within the taxing statutes. The Commissioner accordingly, on or about April 7, 1932, reopened the two claims referred to above and refunded to petitioner the amounts paid during the periods specifically mentioned in those claims. The amounts refunded, however, did not include $87,412 which had been paid by petitioner between March 15, 1923, and December 1, 1925, for the reason that the claim for refund was not presented within four years after the purchase of the stamps and refund was barred by the statute of limitations.

"On June 15, 1935, suit for recovery of the $87,412, above mentioned, with interest, was brought in the Court of Claims. Respondent filed a demurrer, which was sustained in November of that year, and the petition dismissed ([Dixie Margarine Co. v. United States, Ct.Cl.] 12 F.Supp. 543) on the ground that the amount was not refundable because of statutory prohibition. Petitioner then filed a petition for writ of certiorari in the United States Supreme Court and on March 2, 1936, its petition was denied (297 U.S. 713 [56 S.Ct. 589, 80 L.Ed. 999]).

"The aggregate amount paid by petitioner to the collector for stamp taxes from March, 1923, when it began business, to November 28, 1925, was $87,412, and the aggregate amount paid from December, 1925, to and including 1931, was $241,-819.64, or a total for both periods of $329,231.64.

"These sums were paid to the collector in advance in cash, and the licenses and stamps procured therefor were under the

---

* Section 2 of the Act of August 2, 1886, and Section 8 of that Act, as amended by Section 3 of the Act of May 9, 1902, 26 U.S.C.A. Int.Rev.Code, § 2300 and §§ 2301, 2313.

law as construed by respondent a requisite for the conduct of the business or sale of the goods. Corporation income tax returns were filed annually by petitioner, in which these sums were included in gross income and taken as deductions under the head of revenue stamps used, which were in turn included as cost of goods sold."

In February, 1935, the assessment now questioned was computed upon the refunds, made in 1932 but not reported in petitioner's tax return for that year; because the statute of limitations, 26 U.S.C.A. Int.Rev. Code, § 275, had run, no deficiencies for the years 1923 to 1930, inclusive, could then be asserted.

Petitioner contends that the payments illegally exacted were from income earned and perforce taxable only in the years in which they were made; that no tax was due in 1932 because the refunds were merely restorations of capital. Alternatively, it claims to be entitled to recoup the amounts illegally exacted during the years 1923 to 1925, the refund of which was barred by the statute of limitations.

The Board decided both contentions adversely to petitioner.

If petitioner's alternative defense is valid, it is dispositive; hence, we examine it first.

The ground on which recoupment was denied was that the claims of the Commissioner and petitioner did not arise out of the same transaction. In so holding, the Board erred.

■ In United States v. National City Bank, 2 Cir., 83 F.2d 236, at page 239, 106 A.L.R. 1235, the Court had occasion to consider the requirement that both claims must arise out of the same transaction, and said: "The same transaction does not necessarily mean occurring at the same time. In Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370, the court said that the transaction may comprehend a series of many occurrences depending not so much upon the immediateness of their connection as upon their logical relationship."

We have noted that the authorities relied upon by the Board do not require that the claims arise simultaneously; it is enough that they arise out of the same transaction or subject matter. In Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, Bull, a member of a partnership, died on February 13, 1920. Profits accruing to his estate from the partnership business for the period from his death to the end of 1920 were $212,718.79. This sum was erroneously made the basis of an estate tax, which was paid by the executor. Thereafter, the Commissioner determined that this sum should have been the basis of an income tax. The executor's appeal was dismissed by the Board of Tax Appeals on April 9, 1928. It was then too late for the executor to file a claim for refund of overpayment of the estate tax. He paid the income tax under protest on April 14, 1928, and, after his claim for refund was rejected, brought an action in the Court of Claims on September 16, 1930. The Court held against the taxpayer on the ground that the claim was barred by the statute of limitations, but its judgment was reversed by the Supreme Court. In Crossett Lumber Co. v. United States, 8 Cir., 87 F.2d 930, 109 A.L.R. 1348, the taxpayer sued to recover an overassessment of income tax for the year 1927. An undervaluation of the taxpayer's inventory as of November 30, 1926, caused not only the overassessment for 1927, which the taxpayer sought to recover, but also the underassessment for 1926, which the United States could not recover because its claim was then barred by the statute of limitations. The Court said the erroneous valuation of the inventory made a direct connection between the income taxes paid in the two years and, relying on Bull v. United States, supra, held the government's claim available in recoupment, though barred by the statute of limitations.

■ In the present case, the claim for refund and the deficiency assessment had a common origin, namely, the erroneous application of the Oleomargarine Act to petitioner's product, and petitioner's claim is therefore available in recoupment.

· The Board had no occasion to consider whether the statute of limitations affected the availability of petitioner's claim in recoupment. We think it did not. In the Crossett Lumber Case, supra, at page 932 of 87 F.2d, the Court said: "The equitable basis for the doctrine of recoupment has peculiar application to actions to recover taxes. The basis of the doctrine is that principle of natural justice which denounces a claim as unjust, immoral, and fraudulent when the claimant is at the same time wrongfully withholding money which in equity belongs to the other party. An action to recover taxes is in the nature of an action for money had and received. Al-

448

though in form it is an action at law, it is governed by equitable principles. * * * In such an action a plaintiff cannot recover unless he can show that in equity and good conscience he is entitled, as against the defendant, to the money."

In Bull v. United States, supra, at page 262 of 295 U.S., at page 700 of 55 S.Ct., 79 L.Ed. 1421, Mr. Justice Roberts said: "If the claim for income tax deficiency had been the subject of a suit, any counter demand for recoupment of the overpayment of estate tax could have been asserted by way of defense and credit obtained, notwithstanding the statute of limitations had barred an independent suit against the government therefor. This is because recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely."

See also Stone et al. v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265; Peterson v. Feyereisen, 203 Wis. 294, 234 N.W. 496, 73 A.L.R. 571.

The decision of the Board of Tax Appeals is reversed and the cause remanded for further procedure in accord with the views herein expressed.