Per Curiam.

Upon the trial at Justice Court, a verdict was rendered by a jury in favor of the defendant on his counterclaim. The justice did not enter judgment, but entered an order setting aside the verdict. From this order plaintiff appealed to the County Court. The County Court, in its order of reversal, directed that judgment be entered for defendant.
The duty of a justice upon the return of a verdict of a jury in Justice Court is to enter judgment accordingly. (Justice Court Act, § 269.) There is no power in that court to set the verdict aside. (Prentice v. Heiman, 137 Misc. 832; cf. Stephens v. Santee, 49 N. Y. 35, 39.)
The only appeal that may be taken from the Justice Court to the County Court is from a judgment. (Justice Court Act, §§ 426, 427, 428.) The appellate jurisdiction of the County Court is statutory and there is no statutory authority for the appeal taken here from an order.
Since the notice of appeal to the County Court was inoperative, the parties must be deemed to be still in the Justice Court with a verdict rendered, but no judgment entered. It is the plain duty of the justice to enter the judgment as the statute commands. He has no choice about this. If a judgment is not entered, as the statute directs, there are, no doubt, other remedies available to a party aggrieved, but that problem is not presently here. Until there is a judgment, no appeal lies to any court.
*485 The order and judgment of the County Court should be reversed and vacated on the law on the sole ground of an absence of jurisdiction in the County Court.
Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.
Order and judgment of the County Court reversed and vacated on the law on the sole ground of an absence of jurisdiction in the County Court, without costs.