**133–24 SANFORD AVENUE REALTY CORP., Plaintiff,**

**v.**

**Henry G. CISNEROS, as Secretary of the United States Department of Housing and Urban Development, Defendant.**

**No. 94 Civ. 6614 (LAK).**

United States District Court, S.D. New York.

Oct. 7, 1996.

Jerry I. Lefkowitz, Lake Success, NY, for Plaintiff.

Neil M. Corwin, Assistant United States Attorney, Mary Jo White, United States Attorney, New York City, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This is an action for a declaration that the U.S. Department of Housing and Urban Development ("HUD") has overstated the principal balance due on a mortgage of which the plaintiff is mortgagor, directing HUD to account for monies received on account of the mortgage, and declaring that the mortgage is not in default and that the mortgage should be recast in accordance with the terms of a related workout agreement so that the mortgage will self-amortize in May 2002. The crux of the dispute concerns whether HUD properly applied certain payments made by plaintiff in 1985, although plaintiff contends also that HUD made certain improper charges to plaintiff after September 1988. The defendant moves for partial summary judgment dismissing the claims relating to its application of plaintiff's 1985 payments and its 1986 failure to recast the mortgage on the ground that these claims are barred by the statute of limitations.

*Facts*

Plaintiff purchased an apartment building located at 133–24 Sanford Avenue, Queens, New York, in November 1984. HUD held a mortgage on the property which then was in default. In order to cure the default, plaintiff and HUD entered into a Provisional Workout Agreement on or about November 1, 1984 pursuant to which plaintiff agreed to

make two lump sum payments, each in the amount of $300,000. The first payment was to be applied to "mortgage arrears" and the second to "tax advances." Plaintiff undertook also a number of additional obligations.

The workout agreement was to be performed within two years and had an expiration date of November 30, 1986. HUD agreed that, upon the successful conclusion of the workout agreement, it would recast the mortgage's principal balance over the remaining mortgage term.

Plaintiff made the two required lump sum payments in February and April 1985, respectively. HUD applied both $300,000 payments to certain delinquent account balances (*i.e.*, interest on operating advances, service charges and tax escrow) rather than to reduce the outstanding mortgage principal. It also sent plaintiff billing statements in the first half of 1985 that showed exactly how it applied the total of $600,000. (Malik Dep. 128–31; Ehrman Decl. Ex. B, C) The mortgage never was recast.

Plaintiff filed this action in 1994, claiming *inter alia* that all or most of the $600,000 should have been applied in reduction of the outstanding principal and that HUD should have recast the mortgage when plaintiff allegedly had complied with the workout agreement by November 30, 1986.

### Discussion

The parties agree that this action is controlled by the six year statute of limitations contained in 28 U.S.C. § 2401(a), which governs the timeliness of non-tort claims against the United States. (Def.Mem. 6–7; Pl.Mem. 2) HUD contends that plaintiff's claims of misapplication of payments made more than six years before the commencement of this action and of breach by HUD's 1986 failure to recast the mortgage are barred. Plaintiff, on the other hand, argues that the mortgage is a continuing contract and that "a Plaintiff

may sue on any breach of a contract requiring continuous performance which occurred within the limitations period, even if earlier breaches occurred outside the limitation period, since each breach of a continuous duty has its own accrual date." (Pl.Mem. 3) It contends that it did not learn that the mortgage was in foreclosure until 1991,[1] that the foreclosure was a result of the earlier alleged misapplications of payments, and that the action therefore is timely.

The parties overlook entirely the law that controls the disposition of this motion. It is well established that statutes of limitations run against affirmative claims for relief, but not against defenses. In consequence, a party seeking a declaration as to the validity of a defense to a threatened action for coercive relief cannot be foreclosed from doing so by the statute of limitations. *Luckenbach Steamship Co. v. United States,* 312 F.2d 545 (2d Cir.1963); *Hill v. Hawes,* 144 F.2d 511 (D.C.Cir.1944). While *118 East 60th Owners, Inc. v. Bonner Properties, Inc.,* 677 F.2d 200 (2d Cir.1982), reached a different conclusion under a New York statute and on significantly different facts, it carefully distinguished *Luckenbach* on the ground that it was a case governed by federal law. As this case, the parties agree, is governed by federal law,[2] it is controlled by *Luckenbach.*

Plaintiff's claim that the mortgage should have been recast pursuant to the workout agreement stands no differently. In substance, the claim is one for reformation of the mortgage. And while the Court assumes that the statute of limitations might bar an affirmative claim for reformation, the point is academic because reformation may be asserted as an affirmative defense after the running of the prescriptive period. *E.g., Smith v. Bear,* 237 F.2d 79, 86 (2d Cir.1956); *Johnston Equipment Corporation of Iowa v. Industrial Indemnity,* 489 N.W.2d 13, 18 (Iowa 1992).

---

1. A subsequent submission by the government establishes that HUD has not yet decided whether to commence nonjudicial foreclosure proceedings.

2. The claim arises out of a contract with HUD, which has waived its sovereign immunity with respect to actions taken pursuant to the National Housing Act. 12 U.S.C. § 1702. Accordingly, the action is governed by federal law. *See Falls Riverway Realty, Inc. v. City of Niagara Falls,* 754 F.2d 49, 55 n. 4 (2d Cir.1985).

■ The government has suggested also that the action be stayed because HUD may sell the mortgage in December 1996, an event that would moot or at least alter the posture of this action. Plaintiff has had this dispute hanging over his head for years. The Court notes that HUD has been trying to decide whether the foreclose this mortgage for several years. With all due respect, the Court is not prepared to leave plaintiff without a remedy because HUD may or may not take some action in the future. The stay is denied.

### Conclusion

Accordingly, defendant's motion for partial summary judgment and its suggestion that the action be stayed are denied in all respects.

SO ORDERED.